FRANK V. ZACCARIA, Judge ad hoc.
Appellant filed suit seeking total and permanent disability compensation under the Louisiana Workmen’s Compensation Act, L.R.S. 23:1021 et seq. Following a judgment dismissing his suit after trial on the merits in the lower court he lodges this appeal.
The evidence contained in the record is summarized as follows.
Appellant, a man in his early twenties was employed by appellee, American Can Company, in various capacities. He worked as an elevator operator, strip feed press operator, and general laborer. The general laborer duties consisted of stacking wooden pallets, rolling glue barrels, bulking cans (collecting cans as they rolled out of a machine and lifting them by means of a metal fork into a truck), and as a hand truck operator.
The testimony of appellant under cross examination (Tr. page 32 et seq.) indicates that he worked spasmodically due to work shortages following his operation for a right, direct inguinal hernia. The operation was performed on December 22, 1969 by Dr. Ernest Cohen, followed by an uneventful recovery.
On February 19, 1970 compensation was stopped as a result of medical reports from Dr. Maurice Pearl to the effect that appellant was physically fit for regular duty.
However, appellant did not return to work until June 1, 1970 because of a work shortage. He then worked as a feed press operator until June 8, 1970 at which time he worked a week as hand trucker palletizer operator (a mechanical lifting and moving device for removing cans from their pallets). During the following two weeks he worked as an inspector and repacker of cans. On July 6, 1970 he started a week of work as a feed press operator. During the week of July 13, 1970 he worked as a *830 hand trucker and continued said work through the week commencing July 20, 1970. He was absent on July 27, 1970 but worked from July 28, 1970 through July 31, 1970. He then took sick leave to have a kidney stone removed, returning to work on September 29, 1970 as a fork truck operator and worked the weeks of October 5th, 12th and 19th, 1970 in said capacity. On October 26, 1970 he was laid off because of a work shortage and returned to work on November 16, 1970 as a fork truck operator. This work continued through December 28, 1970. The record is • not clear following this date and there is an obvious error regarding the next date. The court surmises said date to be January 8, 1971 through January 25, 1971 wherein he was employed. He was laid off until February 15, 1971 at which time a strike caused him to miss work until June 7, 1971. He worked the weeks of June 7th, 14th, 21th, and 28th and the weeks of July 4th and 12th, 1971.
He worked two days during the week of July 19th and on July 21, 1971 was terminated.
Appellant contends that he has a ripping pain in his right side when he attempts to lift something heavy and that his various jobs at American Can Company cause him to lift and move heavy barrels, pallets, cans and other objects.
Additionally, Dr. Cohen, in both his advice to the appellant and in his testimony indicates that appellant should not lift anything over 25 pounds and definitely nothing over 50 pounds.
Appellant testified that he was able to do his duties only by getting fellow employees to lift heavy objects or to “push them around with his feet”.
Appellee relies on the testimony of Drs. Pearl, Maher, and Syll, each of whom examined appellant and each of whom testified that there was no foreseeable or appreciable prognosis of a recurrence of the hernia and that appellant was fit for heavy physical work.
Appellee also produced appellant’s supervisor who testified that appellant was the cause of delays through absences and he was told that he had to either do his work, take sick leave, or be terminated.
The trial judge was of the opinion that appellant had not proven his case. In Jones v. Quick Shop Food Store, La.App., 263 So.2d 73 the court used the following language which appears to be pertinent here:
The duty of the court is to arrive at the truth to determine which side is correct. We have all endured pain on occasion, and yet could not find an explanation for this pain. This the medical experts will agree with. When we complain of pain we must substantiate our pain in order to succeed in a court of law.
In the instant case there was a division of opinion between medical alienists. The lower court attached greater weight to that testimony offered by Drs. Pearl Ma-her and Syll. Absent a showing of manifest error, the findings of the trier of facts will not be disturbed. No showing of such error is presented herein.
For the above and foregoing reasons, the judgment of the Trial Court is affirmed. No costs are assessed against plaintiff in view of the fact that this suit is brought in forma pauperis. That part of the trial court’s judgment is therefore amended to delete the ordering of payment of court costs by plaintiff.
Affirmed in part and amended in part.
GULOTTA, J., dissents with written reasons.